**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MIGUEL ANGEL LOPEZ-VELEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70499<br><br>Agency No. A087-906-024<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Miguel Angel Lopez-Velez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Lopez-Velez did not establish changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Ramadan v. Gonzalez*, 479 F.3d 646, 656-58 (9th Cir. 2007). Thus, we deny Lopez-Velez's petition as to his asylum claim.

Lopez-Velez's counseled opening brief does not raise any arguments challenging the agency's rejection of his withholding of removal or CAT claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument in the brief are deemed abandoned).

Lopez-Velez asserts his case warrants remand and reopening based on "newly discovered facts" and potential eligibility for adjustment of status, waiver of inadmissibility, or relief pursuant to NACARA. We lack jurisdiction to consider these claims because Lopez-Velez did not present them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, Lopez-Velez's claim that his case warrants prosecutorial discretion

14-70499

is not subject to judicial review. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**